TotteN, J.,
delivered the opinion of the c&urt.
The action is “forcible entry and detainer,” instituted in the circuit court of White to recover the possession of 250 acres of land. The trial resulted in a verdict for the plaintiff, but on motion of defendant, judgment *41 was arrested, and tbereon plaintiff appealed in error to tbis court.
Tbe question is, did the court orr in its judgment in arrest?
'.The ground .assumed in support of the judgment is, that the “estate” of the plaintiff in the place in question, is not stated: as for instance, that it is an estate in fee or other interest.
This was required by the act of 1821, ch. 14, § 7, a provision suggested probably by 21 Jac., 1 ch. 15, which is to the same effect: 3 Bac., ab. 252. The plaintiff’s interest or estate appeared under this act in his written “complaint” and petition, ashing a, legal remedy for the alleged disseisin. It was not necessary that the estate be specified with any technical accuracy if it appeared that the plaintiff had an interest in the premises. Turner vs. Lumbrick. Meigs’ R. 11.
But the act of 1842, ch. 86, makes material changes as to the mode of procedure in this action, tending to render it more simple and convenient. We have had occasion to consider it in some of its aspects in former cases. Settle vs. Settle, 10 Humph. R., 504. White vs. Suttle, 1 Swan R., 169.
As to its effect upon the present question we observe, 'it dispenses with the written complaint, in which the “estate” of the plaintiff was required to be named by the act of 1821: it prescribes the form of the writ, in which no estate is mentioned; it contains the plaintiff’s averment that he uis entitled, to the possession,” of the premises in question, and this averment is not made in the form given by the act of 1821.
*42 It is -clear, that upon the truth of this averment, the merits of the case must always depend. The issue is confined to the right of possession, whatever may be the state of the title, as to which it is not legal in this action to make enquiry.
If the plaintiff state that he is owner in fee, or of any less estate, the averment not being relevant to the true issue in the case, need not be proved. The title to the estate must be determined in another form of proceeding.
It is true, as we say in Settle vs. Settle, that what was necessary to be stated in the complaint, must now be stated in the writ: that is, if it be necessary under the act 1842, to state it at all.
And we are of opinion that under this act it has become unnecessary to make an averment of the plaintiff’s estate; and the averment that he is entitled to the possession, is to be taken as sufficient in this respect. If in any case it can become necessary to know the nature and extent of the plaintiff’s interest, as bearing upon the right to the possession, it may appear in the proof at the trial.
Let the judgment of the circuit court be reversed, and render judgment on the verdict for the plaintiff.
Judgment reversed.